UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINEE CARRAKER,<br><br>                              Plaintiff,<br><br>v.<br><br>POTUS DONALD TRUMP,<br><br>                              Defendants. | Case No.:  26-cv-2834-BJC-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAPUERIS,**<br><br>**(2) DISMISSING THE COMPLAINT WITH LEAVE TO AMEND,**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND**<br><br>**(4) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS.**<br><br>**[ECF Nos. 1, 2, 3, 4]** |

On May 4, 2025, Tinee Carraker ("Plaintiff), proceeding *pro se*, filed the operative Complaint, ECF No. 1, an application to proceed *in forma pauperis* ("IFP"), ECF No. 2, a motion to appoint counsel, ECF No. 3, and a motion for leave to electronically file documents.  ECF No. 4.  For the following reasons, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES** the Complaint without prejudice.

## I.      MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.00.  *See* 28 U.S.C. § 1914(a); Civ.L.R. 4.5.  A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit,

26-cv-2834-BJC-DDL

including a statement of all their assets, showing that they are unable to pay the fees. See 28 U.S.C. § 1915(a).

Plaintiff has submitted an application to proceed in district court without paying the filing fee.  ECF No. 2.  The application indicates that Plaintiff is unemployed, and Plaintiff's average monthly income is approximately $250.  *Id.* at 1-2.  Plaintiff indicates no other assets of value in the application.  *Id*.  Based on the information provided, the Court finds that Plaintiff is unable to pay the required filing fee.  Accordingly, Plaintiff's Motion to Proceed IFP is **GRANTED**.

## I.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner"); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an i*n forma pauperis* complaint that fails to state a claim").

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  To proceed with an action in federal court, a plaintiff must establish that the court has subject matter jurisdiction.  There are two types of subject matter jurisdiction – federal question jurisdiction and diversity jurisdiction.  *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025).  To the extent Plaintiff is asserting claims under federal law, Plaintiff must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question appears on the face of the plaintiff's complaint.  *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020).

As currently pled, the Complaint fails to assert a colorable claim "arising under" the Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331. *Arbaugh*, 546 U.S. at 513. Although the allegations are difficult to discern, the Court construes the Complaint as attempting to assert two claims. First, Plaintiff appears to ask the Court to "make POTUS enforce the contract." ECF No. 1 at 3. However, Plaintiff does not identify the contract at issue, the parties to the contract, or any facts showing a breach or violation of federal law. *See id.* Second, Plaintiff requests that the President direct "the Secretary of the Treasury Scott Bessent . . . [to] explain himself to you." *Id.* Plaintiff does not allege facts explaining what conduct is at issue, what legal duty was violated, or how the alleged conduct gives rise to a cognizable federal claim. *See id.* Therefore, having thoroughly reviewed Plaintiff's Complaint, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

## II.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. ECF No. 1.

2. The Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief can be granted. ECF No. 2. Plaintiff is granted leave to file an amended complaint **on or before June 26, 2026**.

3. Plaintiff's motion to appoint counsel is **DENIED** as moot. ECF No. 3.

4. Plaintiff's motion for leave to electronically file documents is **DENIED** as moot. If Plaintiff chooses to file an amended complaint, then Plaintiff may also then file a renewed motion for leave to electronically file documents.

Dated:  May 26, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

26-cv-2834-BJC-DDL